| | | |
|---|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:26-CV-00482 |
| v. | ) ) ) | Judge Waverly Crenshaw Magistrate Judge Jeffrey Frensley |
| QUORUM HEALTH CORPORATION; SUNBURY HOSPITAL COMPANY, LLC; QHCCS, LLC; DARRYL SHIRK; and ELLEN SHIRK, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS QUORUM HEALTH CORPORATION AND QHCCS, LLC's PARTIAL MOTION TO DISMISS

Defendants Quorum Health Corporation ("Quorum") and QHCCS, LLC ("QHCCS") submit this Partial Motion to Dismiss the claims against each of them in Counts I, II, and IV of Plaintiff National Fire & Marine Insurance Company's ("National Fire") First Amended Complaint (the "Complaint") (Doc. 8). As explained in greater detail in the accompanying Memorandum of Law, this action is a thinly veiled attempt by National Fire to have this Court override the plain meaning of and rewrite its insurance policies to impose obligations on Quorum and its subsidiary, QHCCS, that exist nowhere in the policies themselves. Such attempts fail as a matter of law, and Counts I, II, and IV should therefore be dismissed without leave to replead.

In support of their Motion, Quorum and QHCCS state as follows:

1.      Upon the completion of its spin-off in 2016, Quorum obtained an annual excess policy from National Fire for the 2026–2017 policy period.  National Fire renewed the Excess Policy every year through 2023 (collectively together, the "Excess Policy").  The Excess Policy provides liability insurance for various types of claims, including professional liability arising from

the care provided at the various hospitals and medical facilities owned by Quorum. The Excess Policy is annexed as Exhibits A through G of the Declaration of Attorney Rachel L. Sodée, which is being filed subsequent to the filing of this Motion.

2. Under the Excess Policy, coverage was provided to Quorum as the first name insured, as that term is defined in the Excess Policy, as well as to over 120 Insureds, as that term is defined by the Excess Policy. QHCCS (a Quorum subsidiary) is an Insured under each Excess Policy. Under each Excess Policy, there was a self-insured retention ("SIR"), in an amount that varied year to year.

3. Quorum and QHCCS were named as defendants in an action that Darryl and Ellen Shirk commenced in Pennsylvania state court against Sunbury Hospital for medical care that Mr. Shirk received at Sunbury Hospital (the "Shirk Lawsuit"). The trial court granted summary judgment dismissing Quorum in the Shirk Lawsuit, and later the Shirks settled their claims against QHCCS with prejudice, in exchange for a payment of $1 million.

4. A controversy has now arisen as to whether Quorum is obligated to pay the SIR before National Fire has an obligation to make any payments under the Excess Policy for any claim, as well as with respect to the SIR obligation for the Shirk Lawsuit.

5. In its Complaint, National Fire refers to and selectively quotes from each Excess Policy, all of which are at the center of National Fire's claims. The Court can and should consider these documents when determining whether Counts I, II, and IV should be dismissed. The plain meaning of the Excess Policy's terms demonstrate that, as a matter of law, there is no obligation of the first named insured to pay the SIR before any payments by National Fire. Given the Excess Policy's terms, National Fire's claims fail as a matter of law and must be dismissed.

2

6. In Count I, National Fire seeks a declaratory judgment that Quorum is responsible for payment of the SIR under each Excess Policy. In Count II, National Fire seeks the same declaration but specifically as applied to the Shirk liability before National Fire is purportedly responsible for coverage under the Excess Policy. These declaratory claims fail as a matter of law. None of the Excess Policies contain any term imposing an obligation on Quorum, as first named insured, to pay the SIR. The Excess Policy's plain terms unambiguously impose no such obligation, and no such obligation can be read into the Excess Policy. National Fire may not ask this Court to rewrite the Excess Policy. While National Fire purports to plead terms of the Excess Policy that require the first named insured to pay the SIR, the plain language of the Excess Policy's terms make clear that those terms address the obligations of the Insured only, not the first named insured (Quorum). Further, the unambiguous terms of the policies that National Fire did issue demonstrate that National Fire knew how to impose obligations on the first named insured, but chose not to do so with respect to the obligation to pay the SIR. Finally, there can be no serious argument that QHCCS has an obligation to pay the full amount of the SIR in connection with the settlement agreement in the Shirk Lawsuit as National Fire seeks to impose in Count II. Tellingly, nowhere in the Complaint does National Fire set forth the basis for QHCCS' alleged obligation, nor could National Fire do so as QHCCS, an Insured, has no such obligation under the Excess Policy's plain terms.

7. In Count IV, National Fire impermissibly attempts to use the implied duty of good faith and fair dealing to impose on the first named insured the obligation to pay the SIR to compensate for National Fire's own failure to include such an obligation in each Excess Policy. But Tennessee law is clear that the implied duty of good faith and fair dealing may not be used to rectify such a failure or to otherwise supply or imply an obligation to which parties never agreed.

3

Here, the Excess Policy imposes no obligation on the first named insured to pay the SIR, and Tennessee law bars an attempt to use the implied duty of good faith and fair dealing to impose such an obligation.

8. For these reasons, Quorum's and QHCCS' Motion should be granted, and the Court should dismiss Counts I, II, and IV of the First Amended Complaint with prejudice, without leave to replead.

Dated: August 14, 2026

<div style="margin-left: 45%;">

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*/s/ Rachel L. Sodée*
Rachel L. Sodée (TN BPR No. 038391)
ONE 22 ONE
1221 Broadway, Suite 2400
Nashville, TN 37203
(615) 252-3872
rsodee@bradley.com

John A. Purvis (Admitted *Pro hac vice*)
188 East Capitol Street, Suite 1000
Jackson, MS 39201
(601) 592-9923
apurvis@bradley.com

*Attorneys for Defendants Quorum Health Corporation, Sunbury Hospital Company, LLC, and QHCCS, LLC*

</div>

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 14, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all parties registered with the Court's electronic filing system.

/s/ *Rachel L. Sodée*
Rachel L. Sodée